UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JACLYN ADRIANNE WARREN, | Case No. 6:25-cv-00356-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| PATRICIA COREEN WARREN (COCHRANE); TERRELL VINCENT; VICTORIA COREEN COCHRANE (WENDORF); KELLY HART-CORDOVA; STEPHEN JOHN WARREN; VIVIAN COONE; MICHELLE BUIE; JESSICA COOPER; IAN COOPER; SEX OFFENDER, | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff Jaclyn Adrianne Warren brings this action against several named and unnamed Defendants. Compl., ECF No. 1. Before the Court is Plaintiff's Application for Leave to Proceed *In Forma Pauperis* ("IFP"). ECF No. 2. The Court is unable to determine the specific nature of the claims alleged in the Complaint. For the reasons below, Plaintiff's application for Leave to Proceed IFP is granted, however, Plaintiff's Complaint is dismissed with leave to amend.

///

///

Page 1 — OPINION AND ORDER

## BACKGROUND

On February 28, 2025, Plaintiff filed a "Complaint for a Civil Case" which alleges a conspiracy spanning over forty years, comprised of a complex network of named and unnamed Defendants. Compl., ECF No. 1-6 ("Statement of Claim"). Plaintiff's Complaint contains several attachments which purportedly provide the Basis for Jurisdiction (Attachment 4, ECF No. 1-5), Statement of Claim (Compl., Attachment 5, ECF No. 1-6), and Relief Sought (Compl., Attachment 6, ECF No. 1-7). Plaintiff's Complaint totals one hundred and seventeen pages. Plaintiff's State of Claim spans forty-nine pages and contains a myriad of allegations including the impoundment of her pets, the loss of her medical insurance, Defendants' trafficking of firearms and use of narcotics, the presence of dead bodies under her mobile home trailer, and multiple murders. Statement of Claim ¶¶ 1–11, 46. Plaintiff also alleges that she was poisoned at a restaurant. Statement of Claim, ¶ 42. Plaintiff then relates the alleged poisoning to that of a defendant identified as "Robert" who "years ago . . . had eaten from the same restaurant or at least a restaurant owned by the same people somewhere else in California, and the EMT came and checked his blood and found an illegal poisonous substance." Statement of Claim, ¶ 42.

## DISCUSSION

**I.    IFP Application**

After reviewing Plaintiff's IFP application, the Court finds that Plaintiff is unable to afford the costs of this litigation without undue hardship. Accordingly, Plaintiff's IFP application is granted.

**II.    Mandatory Screening**

    **A.    Standard**

Under 28 U.S.C. § 1915(e)(2), Congress established that a court shall dismiss an IFP complaint, either sua sponte or pursuant to a motion by the opposing party, when the complaint "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. §

1915(e)(2)(B). A complaint is frivolous "where it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim when there is no cognizable legal theory, or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

In determining the sufficiency of a self-represented party's complaint, a court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (allegations of material fact are taken as true and construed in the light most favorable to plaintiff). However, a complaint must still comply with the pleading requirements of the Federal Rules of Civil Procedure. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court explained in *Twombly*:

> [w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level[.]

*Twombly*, 550 U.S. at 555 (alteration original) (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. Merely reciting the elements of a cause and supporting those elements with conclusory statements is not sufficient. *Id.*

///

///

  **B.**  **Analysis**

    1.  <u>Jurisdiction</u>

  Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Unlike state courts, which are courts of general jurisdiction, federal courts may only exercise jurisdiction in certain kinds of cases as authorized by the United States Constitution and Congress. *United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) (*en banc*).

  Federal courts have jurisdiction over two primary categories of cases: (1) "federal question" cases and (2) "diversity of citizenship" cases. A "federal question" case involves a federal right, such as the Constitution, a federal law, or a treaty. 28 U.S.C. § 1331. A "diversity of citizenship" case involves citizens of different states where the amount of damages is more than $75,000. 28 U.S.C. § 1332(a)(1). When a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, it must dismiss the complaint. Fed. R. Civ. P. 12(h)(3). Rule 8 of the Federal Rules of Civil Procedure provides that in order to state a claim for relief in a pleading, the pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

  Having reviewed the Complaint, the Court is unable to determine the basis for its jurisdiction and must dismiss. Plaintiff's Civil Cover Sheet provides that the basis of jurisdiction is a federal question and that the U.S. Government is not a party. (Compl., Ex. 1, ECF No. 1-1).

  The attachment purporting to describe the basis of jurisdiction includes references to several of the Federal Rules of Civil Procedure, but no federal statute providing a cause of action is provided. *See* Basis for Jurisdiction, ECF No. 1-5. The Federal Rule of Civil Procedure govern litigation in federal court, they do not raise a federal question or an independently enforceable right.

Plaintiff's purported "Basis of Jurisdiction" also purports that "the investigative United States Agency has been brought in" to assist with discovery. Compl., Attachment 4 at 1, ECF No. 1-5. The Court is unaware of the existence of "the investigative United States Agency" and none of the named or unnamed Defendants are listed as having any affiliation with a federal agency. To the extent that Plaintiff intended the United States to intervene in accordance with 28 U.S.C. § 2403, that statute does not apply unless "the constitutionality of any [federal or state law] affecting the public interest is drawn in question[.]" 28 U.S.C. § 2403 (a)–(b). Plaintiff does not question the constitutionality of any law.

Plaintiff fails to provide a short, plain statement that clearly articulates the basis of the Court's jurisdiction. On this basis alone, the Court must dismiss the Complaint.

    2.    <u>Statement of a Claim</u>

A complaint must also contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court must be able to determine "who is being sued, for what relief, and on what theory." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). A complaint that contains mostly "narrative ramblings" or irrelevant background information may be dismissed for failure to comply with Rule 8. *Id.* at 1174 (affirming dismissal with prejudice a "thirty-seven page amended complaint [that was] mostly an extended narrative of the details of the various activities of plaintiff McHenry, and his numerous alleged arrests"). "[C]onfusing, distracting, ambiguous, and unintelligible pleadings" are also improper and subject to dismissal for failure to state a claim. *Schmidt v. Hermann*, 614 F.2d 1221, 1224 (9th Cir. 1980). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180.

Here, Plaintiff's Complaint is confusing and ambiguous. Many of the allegations are irrelevant. As one example, Plaintiff alleges that she was poisoned at a restaurant and references a defendant named Robert but neither Robert nor the restaurant are named as defendants. In sum, it is not clear from the Complaint who is being sued, for what relief, and on what theory. Therefore, the Court must also dismiss the Complaint for failure to contain a short and plain statement of the claim showing that Plaintiff is entitled to relief, pursuant to Rule 8(a)(2).

    3.    <u>Leave to Amend</u>

Ordinarily, self-represented litigants are given leave to amend. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623–24 (9th Cir. 1988). But if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment," leave to amend need not be given. *Id.* (internal quotation marks omitted). The Court cannot determine at this early stage whether Plaintiff could cure the deficiencies of her Complaint with amendment. Accordingly, the Court grants Plaintiff leave to amend her Complaint within 14 days.

Plaintiff is warned that a failure to file an amended complaint as ordered will result in the dismissal of this action with prejudice. The Court reminds Plaintiff that, should she elect to file an amended complaint, she must clearly state the basis of the Court's jurisdiction, and provide a concise statement of facts that allows the Court to determine who is being sued, for what relief, and under what legal theory.

**III.    Plaintiff's Additional Filings**

On March 25, 2025, Plaintiff filed a Supplemental Complaint (ECF No. 5) and three motions: Application for Subpoena to Provide Justifiable Evidence and Inspection of Premises (ECF No. 6); Request for Order: To Dispense with Notice, Service by Another Process and, Ex Parte for Separate Hearing (ECF No. 7); and Stipulated Protective Order (ECF No. 8).

In Plaintiff's Supplemental Complaint, she objects that her Complaint, titled "COMPLAINT FOR A CIVIL CASE" was assigned to this Judge, while her additional and simultaneously filed complaint, titled "COMPLAINT FOR REVIEW OF A SOCIAL SECURITY DISABILITY INCOME DECISION," was assigned a different case number and was assigned to Judge Baggio. Supp. Compl. at 4–6. Plaintiff alleges that her Supplemental Complaint incorporates the First Amended Complaint, before Judge Baggio. Supp. Compl. at 1; Proposed Proof of Service at 1, ECF No. 5-4 ("First Amended Complaint Case No.: 6:25-cv-0355-AB"). Under Local Rule 15-1(a)(3), "[a]n amended or supplemental pleading may not incorporate by reference any part of the prior pleading, including exhibits." Accordingly, the Supplemental Complaint violates the LR 15-1 by attempting to incorporate a prior pleading and its exhibits. Moreover, to the extent that Plaintiff attempted to amend her Complaint, she failed to seek and to receive leave of the Court. Fed. R. Civ. P. 15(a)(1)–(2) (unless amended within 21 days of service or in response to a motion under Rule 12, leave of the court or opposing party's consent is required to amend a complaint). The Court strikes Plaintiff's Supplemental Complaint (ECF No. 5).

Regarding Plaintiff's additional motions, the Court is without jurisdiction and cannot rule on the motions filed after the Complaint. Plaintiff's Complaint fails to establish the basis for the Court's jurisdiction. Accordingly, ECF Nos. 5–8 are denied with leave to refile after the Court can determine the basis for its jurisdiction and that Plaintiff's Complaint meets the standard set forth under 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

For the reasons above, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is GRANTED. However, the Complaint is DISMISSED with leave to amend to cure, if possible, the deficiencies outlined above. Plaintiff has fourteen (14) days to file an amended complaint.

Plaintiff's Supplemental Complaint (ECF No. 5) is STRICKEN. Plaintiff's Application for Subpoena to Provide Justifiable Evidence and Inspection of Premises (ECF No. 6); Request for Order: To Dispense with Notice, Service by Another Process and, Ex Parte for Separate Hearing (ECF No. 7); and Stipulated Protective Order (ECF No. 8) are DENIED with leave to refile when the Court can determine its jurisdiction.

DATED this 11th day of April 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge