UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JACLYN ADRIANNE WARREN, | Case No. 6:25-cv-00356-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| PATRICIA COREEN WARREN (COCHRANE), *et al.* | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff Jaclyn Adrianne Warren brings this action against "Defendant(s): Several Named Listed." Sec. Am. Compl. ("SAC"), ECF No. 10. On April 11, 2025, the Court granted Plaintiff's Application for Leave to Proceed *In Forma Pauperis* but dismissed the Complaint with leave to amend because the Court was unable to determine the specific nature of the claims alleged in the Complaint or the basis of its jurisdiction. April 11, 2025, Opinion and Order, ("April 11, 2025, Opinion") ECF No. 9. For the reasons below, Plaintiff's SAC (ECF No. 10) is dismissed with prejudice.

On February 28, 2025, Plaintiff filed a "Complaint for a Civil Case" which alleged a conspiracy spanning over forty years, comprised of a complex network of named and unnamed

Page 1 — OPINION AND ORDER

Defendants. Compl., ECF No. 1-6 ("Statement of Claim"). Because Plaintiff sought to proceed under IFP status, the Court was obligated to screen the Complaint under 28 U.S.C. § 1915(e)(2).

Plaintiff indicated that a federal question was the basis of the Court's jurisdiction, and the Court explained no federal statute providing a cause of action was listed in the Complaint, that the Federal Rules of Civil Procedure do not raise a federal question or an independently enforceable right, and that Plaintiff's apparent intent to have the United States intervene under 28 U.S.C. § 2403 was without merit as the constitutionality of any law was not brought into question. April 11, 2025, Opinion at 4-5. Regarding the substance of Plaintiff's Complaint, the Court explained that Plaintiff failed to provide a short and plain statement as required under Fed. R. Civ. P. 8(a)(2). *Id.* at 6.

The Court dismissed the Complaint because it could not determine the basis of its jurisdiction, or the specific nature of the claims alleged. The Court granted Plaintiff leave to amend within fourteen days and advised "Plaintiff that, should she elect to file an amended complaint, she must clearly state the basis of the Court's jurisdiction, and provide a concise statement of facts that allows the Court to determine who is being sued, for what relief, and under what legal theory." *Id.* The Court warned Plaintiff "that a failure to file an amended complaint as ordered will result in the dismissal of this action with prejudice." *Id.* The Court also explained that under Local Rule 15-1(a)(3), "[a]n amended or supplemental pleading may not incorporate by reference any part of the prior pleading, including exhibits." That is, the amended complaint must be complete, without reference to any prior filings.

/ / /
/ / /
/ / /

On April 28, 2025, Plaintiff filed her Second Amended Complaint. Second Amended Complaint ("SAC"), ECF No. 10.[1] Regarding jurisdiction, the SAC references several federal statutes that provide a cause of action such as the Americans with Disabilities Act and the Privacy Act. SAC at 19-20. However, the Court has reviewed the SAC and is unable to determine who is being sued, for what relief, and under which legal theory. Plaintiff's SAC reads mostly as a motion for reconsideration of the Court's April 11, 2025, Opinion, and fails to cure the deficiencies identified therein. Plaintiff's SAC is dismissed without leave to amend and this action is dismissed with prejudice.

DATED this 10th day of June 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge

---

[1] Plaintiff submits a declaration and exhibits demonstrating that she attempted in good faith and with due diligence to timely file the SAC but was unable to do so. The Court finds good cause for extending the original deadline for Plaintiff to file an amended complaint. Plaintiff's failure to file her SAC within fourteen days of the April 11, 2025, Opinion, has no bearing on the basis of this Opinion.